LAW OFFICES
# DAVID WIKSTROM
950 THIRD AVENUE - 32ND FLOOR
NEW YORK, NEW YORK 10022

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511
FACSIMILE: (212) 248-2866

April 20, 2020

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

        Re:  United States v. Howard Patterson, *et al.*
            17 CR 118 (KPF)

Dear Judge Failla:

I respectfully submit this letter to respond to the Government's contentions in its Opposition filed on April 17, 2020.

### 1. The Exhaustion Requirement

The Government is correct that Mr. Patterson has not met the exhaustion requirement of §3582(c)(1)(A)(i) inasmuch as his administrative application for Compassionate Release was made, through counsel, on April 2, 2020, and less than 30 days have elapsed since then. While the Government has waived that requirement in some cases (*e.g., U.S. v. Gentille*, 19 CR 590 (KPF); *U.S. v. Knox*, 15 CR 445-12 (PAE)) it does not do so here.

I also acknowledge that this Court has in *dicta* indicated that it is inclined to align itself with the courts that have concluded that courts themselves lack the authority to waive the administrative exhaustion requirement. (*Gentille, supra,* ECF 34, p. 7 (Apr. 9, 2020). Other courts disagree (*U.S. v. Russo,* 16 CR 441 (LJL), 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020); U.S. v. Perez, 17 CR 513-3 (ST), 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020). Indeed, the list of judges disagreeing with the Court's inclination now includes Judge Nathan (on whom this Court relied in *Gentille*), who overruled her own decision in *U.S. v. Gross* ((15 CR 769 (AJN), 2020 WL 1862251 (S.D.N.Y. Apr. 14, 2020)) in its opinion filed today in *U.S. v. Scparta*, 18 CR 578 (AJN), ECF #69, p. 9.

Accordingly I ask the Court to reconsider its position in *Gentille* and conclude that the courts do indeed have the authority to excuse noncompliance with the exhaustion requirement. Should it decline to do so, I ask the Court to defer ruling on this branch of the motion until May 4, 2020, at which point 31 days will have elapsed since Mr. Patterson's administrative application was filed.

However it is not necessary to resolve the exhaustion issue to resolve the instant motion, because the Court's authority to grant relief under 18 U.S.C. 3583(e) is set forth in the statute.

## 2. **The Court can Modify Mr. Patterson's Sentence under §3583(e)**

Supervised release, and its precepts and rules, are distinct from the imprisonment portion of a criminal sentence, 18 U.S.C. 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, *may* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release…) Supervised release is designed to achieve rehabilitative ends, and to assist offenders in transitioning from prison to life in the community. (*See* 18 U.S.C. §3553(a)(2)(D); see also S.Rep. No. 98–225, p. 124 (1983) ("the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

The Court may, "at any time prior to the expiration or termination of the term of supervised release" modify, reduce or enlarge the conditions, §3583(2). Revocation did not alter this: §3583(e)(3) states that in ordering revocation the court may "require the defendant to serve in prison *all or part of the term of supervised release*[.]" The Court has thus ordered Mr. Patterson to serve six months of his supervised release term in prison.[1] What is more, §3853(e)(4) explicitly confers power on this Court to direct, instead, that Mr. Patterson remain in home confinement "as an alternative to incarceration." When, other than in the context of a court's revocation of Supervised Release, would incarceration be available, such that Congress would see fit to include a stand-alone option to swap it for home confinement?

---

[1] The Court can order post-release supervision up to the statutory maximum "less any term of imprisonment that was imposed upon revocation of supervised release," §3583(h), implying that the running of the imprisonment is part of the term, not a stand-alone and separate prison term for the defendant's violation conduct. The Guidelines themselves echo this view, stating that revocation imprisonment constitutes not punishment for the new violation conduct, but for the defendant's "breach of trust" in violating the Court's prior conditions. U.S.S.G. §7A1.3(b).

The Government's argument that a modification of the terms of supervised release may not be made because Mr. Patterson—in prison—is not on supervised release thus founders on the fact that (1) §3583(e)(2) explicitly confers the power to make modifications "at any time prior to the expiration or termination [of supervised release]," which is precisely Mr. Patterson's procedural status, and (2) the Circuit has expressly recognized the district courts' power to make such modifications <u>even while the offender is imprisoned</u>. *See, United States v. Lussier*, 104 F.3d 32 (2d Cir. 2016)(challenge to restitution order that was made a condition of supervised release, made while defendant was still imprisoned, denied since ¶3583(2) power to modify conditions not broad enough to encompass challenges to legality of restitution); *United States v. Murdock*, 735 F.3d 106 (2d Cir. 2013)(challenge by incarcerated defendant to supervised release condition related to location of residence after release; Circuit remands to District Court for hearing under 3583(2) and F.R.Cr.P. 32.1).

In short, because the Court has the authority to modify the conditions of Mr. Patterson's Supervised Release "at any time,"—indeed it could terminate it altogether under §3583(e)(1) if it chose to—and since one of the authorized modifications is to substitute home confinement for imprisonment (which can logically only exist in the revocation context), I submit that the Court can modify its previous order of February 10, 2020 and require Mr. Patterson to serve the balance of his six month jail term under home confinement.

Lastly, this modification would not violate §3582(c)("the court may not modify a term of imprisonment once it has been imposed…" because it falls within the exception carved out in §3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute…"

I therefore request that excuse Mr. Patterson's failure to exhausst and grant him a sentence reduction.  In the alternative, I request that the Court exercise the power bestowed by 18 U.S.C. 3583(e)(4) to order Mr. Patterson "to remain at his place of residence during nonworking hours…as an alternative to incarceration."

Sincerely,

David Wikstrom