UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 17 Cr. 118 (KPF) |
| HOWARD PATTERSON, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On April 2, 2020, Defendant Howard Patterson filed a motion for compassionate release with the Bureau of Prisons in response to the ongoing COVID-19 pandemic. (Dkt. #237 at 2). On April 15, 2020, the Court received a letter from Defendant, requesting that he be granted compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), or in the alternative that his term of supervised release be modified such that he be confined at home as an alternative to incarceration pursuant to 18 U.S.C. § 3583(e)(4). (Dkt. #237). On April 16, 2020, the Court ordered the Government to respond to Defendant's motion on or before April 17, 2020. (Dkt. #238). On April 17, 2020, the Government filed a letter brief opposing Defendant's motion. (Dkt. #239). On April 20, 2020, Defendant filed a letter in reply and in further support of his motion. (Dkt. #240, 241).

The Court begins by addressing Defendant's motion for compassionate release. As the Government notes in its opposition, Defendant has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). The Court has researched the issue, and now aligns itself with those sister courts that have found the exhaustion requirement to be one that it can

neither waive nor excuse. *See, e.g., United States* v. *Roberts*, No. 18 Cr. 528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020). Therefore, the Court will not consider Defendant's motion for compassionate release at this time. However, the Court commits to revisiting the pending motion for compassionate release at the earlier of the Bureau of Prisons' resolution of Defendant's request or May 5, 2020.

Defendant's request in the alternative, that the Court modify the terms of his supervised release such that he be permitted to serve the remainder of his term of supervised release in home confinement, is DENIED. (Dkt. #237). Defendant is not currently serving a term of supervised release. On February 10, 2020, Defendant pleaded guilty to having violated certain conditions of his supervised release. (Minute Entry for February 10, 2020). That same day, the Court revoked Defendant's supervised release and sentenced Defendant to serve a term of six months' imprisonment. (Dkt. #233). Thus, Defendant's imprisonment is not a term of supervised release that could be modified pursuant to 18 U.S.C. § 3583(e), but is instead a term of imprisonment that cannot be modified under 18 U.S.C. § 3582(c).

SO ORDERED.

Dated: April 21, 2020
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge